LAW OFFICES OF BRANDON A. BLOCK
A PROFESSIONAL CORPORATION
BRANDON A. BLOCK (Cal. Bar No. 215888)
brandon@bblocklaw.com
9440 Santa Monica Blvd., Ste. 301
Beverly Hills, California 90210
Telephone: 310.887.1440
Facsimile: 310.496.1420

Attorneys for Plaintiff
AMBER PARINAS

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| AMBER PARINAS,<br><br>　　　　　Plaintiff,<br><br>　　vs.<br><br>NACHO'S AUTO SALES, an entity of unknown origin; and DOES 1 through 10, inclusive,<br><br>　　　　　Defendants. | Case No. 5:20-cv-1724<br><br>**COMPLAINT FOR:**<br><br>**(1) VIOLATIONS OF THE EQUAL CREDIT OPPORTUNITY ACT;**<br>**(2) VIOLATIONS OF CALIFORNIA'S REES-LEVERING AUTOMOBILE SALES FINANCE ACT;**<br>**(3) VIOLATIONS OF CALIFORNIA'S ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT;**<br>**(4) CONVERSION; AND**<br>**(5) FRAUD**<br><br>JURY TRIAL DEMANDED |

**COMPLAINT**

Plaintiff Amber Parinas alleges against defendants Nacho's Auto Sales and Does 1 through 10, inclusive, as follows:

**JURISDICTION AND VENUE**

1.　The Court has jurisdiction of this action pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1691e(f), and supplemental jurisdiction of the state law claims alleged herein pursuant to 28 U.S.C. § 1367.

2. Venue is proper in the Central District in that, among other things, a substantial part of the events or omissions giving rise to plaintiff's claims occurred in this District.

## PARTIES

3. Plaintiff is an individual over the age of 18, a resident of Riverside County and a citizen of California.

4. Defendant Nacho's Auto Sales is an entity of unknown origin with its principal place of business in Indio, California. Nacho's Auto Sales is a car dealership which, in connection with the purchase of automobiles, regularly extends, renews or continues credit; regularly arranges for the extension, renewal or continuation of credit to consumers; and/or participates in decisions to extend, renew or continue credit.

5. Plaintiff does not know the true names, identities, and capacities of Does 1 through 10, inclusive, and therefore sues those defendants by fictitious names. Plaintiff will amend this Complaint to allege the true names, identities and capacities of the Doe defendants when plaintiff discovers such information.

6. At all times mentioned herein, defendants were agents and/or employees of each other and were acting within the course and scope of such agency or employment. Defendants are jointly and severally liable to plaintiff.

## OPERATIVE FACTS

7. Plaintiff purchased a motor vehicle for personal, family or household purposes from Nacho's Auto Sales pursuant to a conditional sale contract ("Contract"), as defined and regulated by the Rees-Levering Automobile Sales Finance Act, Civ. Code §§ 2981, et seq. ("RLA"). A copy of the Contract is attached hereto as Exhibit 1.

8. To finance the purchase of her vehicle, plaintiff applied for an extension of credit from Nacho's Auto Sales or a finance company selected by Nacho's Auto Sales, to which Nacho's Auto Sales would assign the Contract.

9.  Most of plaintiff's downpayment under the Contract was deferred. However, in violation of the RLA, the Contract stated that plaintiff's downpayment consisted of $4,000 in cash, and that the deferred downpayment was "N/A".

10. Additionally, Nacho's Auto Sales – led by its owner, Luis "Nacho" Bustillos – wrongfully repossessed plaintiff's vehicle in breach of the peace, through the use of trickery and deception.

11. On or about April 17, 2020, Nacho's Auto Sales's employee Eloisa Valerio contacted plaintiff by telephone and told her she needed to come to Nacho's Auto Sales to make the first payment of $202 to her finance company, Westlake Financial Services ("WFS"). Unbeknownst to plaintiff, Valerio was lying, and Nacho's Auto Sales, at all times, intended to repossess the vehicle. Plaintiff is informed and believes that Valerio lied to plaintiff at Bustillos's direction.

12. When plaintiff arrived at Nacho's Auto Sales on April 17, 2020 to make the payment to WFS, Bustillos told plaintiff that he needed to get something from plaintiff's vehicle. Bustillos was lying. After plaintiff turned over the keys, Bustillos took possession of the vehicle and told plaintiff he was repossessing it. Since then, Nacho's Auto Sales has wrongfully retained possession of plaintiff's vehicle and all of plaintiff's payments made towards the purchase of the vehicle.

13. Nacho's Auto Sales never sent plaintiff a written notice stating that the credit she had sought had been denied, refused or revoked, or the specific reasons that the adverse credit action had been taken.

**FIRST CLAIM FOR RELIEF – VIOLATIONS OF THE EQUAL CREDIT OPPORTUNITY ACT**

**(Against All Defendants)**

14. Plaintiff realleges and incorporates herein by reference the allegations of all paragraphs above.

15. The Equal Credit Opportunity Act, 15 U.S.C. §§ 1691, et seq., requires creditors to furnish written notice of the specific reasons why an adverse action is

taken against a consumer regarding his or her credit. 15 U.S.C. §§ 1691(d)(2) and (3).

16. Plaintiff is an "applicant" under 15 U.S.C. § 1691a(a), and defendants are "creditors" under 15 U.S.C. § 1691a(e).

17. Defendants attempted to arrange credit for plaintiff for the purchase of a vehicle, and plaintiff was denied credit with respect to the transaction for which defendants attempted to arrange financing.

18. Defendants violated 15 U.S.C. § 1691(d) by failing to send plaintiff a written notice of adverse credit action within 30 days of her credit application, containing a statement of the specific reasons for the adverse action.

19. As a proximate result of defendants' conduct, plaintiff has suffered damages in an amount to be determined according to proof.

20. Plaintiff is entitled to recover her actual damages pursuant to 15 U.S.C. § 1691e(a).

21. Plaintiff is entitled to recover punitive damages up to $10,000 pursuant to 15 U.S.C. § 1691e(b).

22. Plaintiff is entitled to an award of her attorney's fees and costs incurred in the investigation, filing and prosecution of this action pursuant to 15 U.S.C. § 1691e(d).

## SECOND CLAIM FOR RELIEF – VIOLATIONS OF THE RLA
### (Against All Defendants)

23. Plaintiff realleges and incorporates herein by reference the allegations of all paragraphs above.

24. Defendants willfully violated the RLA because the Contract failed to properly itemize the sources of the downpayment thereunder. See Cal. Civ. Code § 2982(a)(6).

25. As a direct and proximate result of defendants' violations of the RLA, plaintiff has suffered actual damages in an amount subject to proof.

26. Plaintiff is entitled to rescission of the Contract and a return of all payments made thereunder, and recovery of her attorney's fees, costs and expenses incurred in the investigation, filing and prosecution of this proceeding.

WHEREFORE, plaintiff prays for relief as set forth below.

## THIRD CLAIM FOR RELIEF – VIOLATIONS OF THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT

**(Against All Defendants)**

27. Plaintiff realleges and incorporates herein by reference the allegations of all paragraphs above.

28. The California Legislature has found that "unfair or deceptive debt collection practices undermine the public confidence which is essential to the continued functioning of the banking and credit system and sound extensions of credit to consumers." Cal. Civ. Code § 1788.1(a)(2). The Legislature thus enacted the Rosenthal Fair Debt Collection Practices Act, Cal. Civ. Code §§ 1788, et seq. ("Rosenthal Act"), to ensure the integrity of our banking and credit industry. Id. § 1788.1(b).

29. Plaintiff is a "debtor" within the meaning of Civil Code § 1788.2(h), and defendants at all times relevant herein were "debt collectors" within the meaning of Civil Code § 1788.2(c).

30. Defendants violated Civil Code § 1788.10(a) by using criminal means to cause harm to the property of claimant. Defendants committed a misdemeanor, as set forth at Civil Code § 2983.6, when they willfully the RLA, at California Civil Code § 2982(a)(6).

31. Civil Code § 1788.17 provides that debt collectors subject to the Rosenthal Act collecting or attempting to collect a consumer debt must comply with the provisions of 15 U.S.C. §§ 1692b to 1692j, inclusive, of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692, et seq. ("FDCPA"). Section 1788.17 further

provides that debt collectors subject to the Rosenthal Act are subject to the remedies in § 1692k of the FDCPA.

32. Defendants violated the provisions of 15 U.S.C. § 1692e by using false, deceptive or misleading representations or means in connection with the collection of any debt. By violating the provisions of § 1692e, defendants violated the Rosenthal Act, at Civil Code § 1788.17, and plaintiff is entitled to the remedies set forth in 15 U.S.C. § 1692k.

33. Defendants violated the provisions of 15 U.S.C. § 1692e(5) by threatening to take any action that cannot legally be taken or that is not intended to be taken. By violating the provisions of § 1692e(5), defendants violated the Rosenthal Act, at Civil Code § 1788.17, and plaintiff is entitled to the remedies set forth in 15 U.S.C. § 1692k.

34. Defendants violated the provisions of 15 U.S.C. § 1692e(10) by using false representations or deceptive means to collect or attempt to collect any debt. By violating the provisions of § 1692e(10), defendants violated the Rosenthal Act, at Civil Code § 1788.17, and plaintiff is entitled to the remedies set forth in 15 U.S.C. § 1692k.

35. Defendants violated the provisions of 15 U.S.C. § 1692f by using unfair or unconscionable means to collect an alleged debt, when defendants breached the peace to repossess plaintiff's vehicle. By violating the provisions of § 1692f, defendants violated the Rosenthal Act, at Civil Code § 1788.17, and plaintiff is entitled to the remedies set forth in 15 U.S.C. § 1692k.

36. Defendants violated 15 U.S.C. § 1692f(6) of the FDCPA by taking nonjudicial action to effect dispossession or disablement of property when there was no present right to possession of the property claimed as collateral through an enforceable security interest. Defendants did not have a present right to possession of plaintiff's vehicle because defendants did not have the right to cancel the Contract and take possession of the vehicle on April 17, 2020, and defendants completed the

repossession of plaintiff's vehicle in breach of the peace, through the use of trickery and deception. By violating the provisions of 15 U.S.C. § 1692f(6)(A), defendants violated the Rosenthal Act, at Civil Code § 1788.17, and plaintiff is entitled to the remedies set forth in 15 U.S.C. § 1692k.

37. As a proximate result of defendants' violations of the Rosenthal Act, plaintiff has been damaged in amounts that are subject to proof.

38. Plaintiff is entitled to recover her actual damages pursuant to Civil Code § 1788.17, incorporating by reference 15 U.S.C. § 1692k(a)(1), or in the alternative, Civil Code § 1788.30(a).

39. Defendants' violations of the Rosenthal Act were willful and knowing. plaintiff is entitled to recover the maximum amount of statutory damages pursuant to Civil Code § 1788.17, incorporating by reference 15 U.S.C. § 1692k(a)(2)(A), or in the alternative, Civil Code § 1788.30(b).

40. Plaintiff is entitled to recover her attorney's fees and costs pursuant to Civil Code § 1788.17, incorporating by reference 15 U.S.C. § 1692k(a)(3), or in the alternative, Civil Code § 1788.30(c).

WHEREFORE, plaintiff prays for relief as set forth below.

### FOURTH CLAIM FOR RELIEF – CONVERSION
### (Against All Defendants)

41. Plaintiff realleges and incorporates herein by reference the allegations of all paragraphs above.

42. At the time of defendants' repossession of plaintiff's vehicle, plaintiff was entitled to possession of the vehicle. Defendants were not entitled to possession of the vehicle. Defendants knowingly and intentionally have wrongfully deprived plaintiff of possession of her vehicle, as alleged herein.

43. As a proximate result of defendants' conduct, plaintiff has suffered damages in an amount to be determined according to proof.

44. Defendants acted with malice, oppression, and/or fraud towards

plaintiff, within the meaning of Civil Code § 3294, thereby entitling her to an award of punitive damages. Defendants' corporate officers, directors, or managing agents are personally guilty of oppression, fraud or malice, had advance knowledge of the unfitness of the employees who acted towards plaintiff with malice, oppression, or fraud, employed such employees with conscious disregard for the rights or safety of others, and/or themselves authorized or ratified the wrongful conduct or knowingly accepted and retained the benefits of the wrongdoing.

WHEREFORE, plaintiff prays for relief as set forth below.

## FIFTH CLAIM FOR RELIEF – FRAUD
### (Against All Defendants)

45. Plaintiff realleges and incorporates herein by reference each and every paragraph set forth above.

46. On or about April 17, 2020, defendants falsely and fraudulently represented to plaintiff that she needed to come into Nacho's Auto Sales to make the first payment of $202 to her finance company, WFS.

47. Defendants' representations were false. In truth, defendants intended to keep possession of plaintiff's vehicle when she brought it to Nacho's Auto Sales.

48. Defendants knew their representations were false when they made them, and defendants made the representations with the intent to defraud and deceive plaintiff, and to induce plaintiff to bring her vehicle to Nacho's Auto Sales, so defendants could keep possession of plaintiff's vehicle.

49. When defendants made the representations, plaintiff was ignorant of the falsity of defendants' representations.

50. In reliance on defendants' representations, plaintiff brought her vehicle to Nacho's Auto Sales on April 17, 2020, at which time defendants wrongfully repossessed plaintiff's vehicle. If plaintiff had known defendants' actual intent to keep possession of her vehicle, plaintiff would not have brought her vehicle to Nacho's Auto Sales. Plaintiff's reliance on defendants' representations was justified

8
COMPLAINT

because plaintiff honestly believed she had to go to Nacho's Auto Sales to make the payment to WFS.

51. As a proximate result of defendants' conduct, plaintiff has suffered damages in an amount to be determined according to proof.

52. Defendants acted with malice, oppression, and/or fraud towards plaintiff, within the meaning of Civil Code § 3294, thereby entitling her to an award of punitive damages. Defendants' corporate officers, directors, or managing agents are personally guilty of oppression, fraud or malice, had advance knowledge of the unfitness of the employees who acted towards plaintiff with malice, oppression, or fraud, employed such employees with conscious disregard for the rights or safety of others, and/or themselves authorized or ratified the wrongful conduct or knowingly accepted and retained the benefits of the wrongdoing.

WHEREFORE, plaintiff prays for relief as set forth below.

**PRAYER FOR RELIEF**

WHEREFORE, plaintiff respectfully prays for relief as follows:

1. For rescission of the Contract;
2. For a return of all monies paid by plaintiff under the Contract;
3. For actual damages;
4. For statutory damages;
5. For punitive damages;
6. For pre-judgment interest to the extent permitted by law;
7. For an award of plaintiff's attorney's fees, costs and expenses incurred in the investigation, filing and prosecution of this action under any applicable provision of law or contract; and
8. For such other and further relief as the Court may deem just and proper.

///
///
///

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury under the United States Constitution.

Dated: August 25, 2020

LAW OFFICES OF BRANDON A. BLOCK
A PROFESSIONAL CORPORATION

/s/ Brandon A. Block
Brandon A. Block

Attorneys for Plaintiff
AMBER PARINAS