LAW OFFICES OF BRANDON A. BLOCK
A PROFESSIONAL CORPORATION
BRANDON A. BLOCK (Cal. Bar No. 215888)
brandon@bblocklaw.com
9440 Santa Monica Boulevard, Suite 301
Beverly Hills, California 90210
Telephone: 310.887.1440
Facsimile: 310.496.1420

Attorneys for Plaintiff
AMBER PARINAS

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| AMBER PARINAS,<br><br>    Plaintiff,<br><br>vs.<br><br>NACHO'S AUTO SALES, an entity of unknown origin; and DOES 1 through 10, inclusive,<br><br>    Defendants. | Case No. 5:20-cv-01724 DMG (SHKx)<br><br>The Hon. Dolly M. Gee, Dept. 8C<br><br>**PLAINTIFF'S RESPONSE TO DEFENDANT'S EVIDENTIARY OBJECTIONS IN SUPPORT OF PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO COMPEL ARBITRATION**<br><br>Date:    December 4, 2020<br>Time:    9:30 a.m.<br>Dept.:    8C |

Plaintiff Amber Parinas hereby responds to defendant Nacho's Auto Sales evidentiary objections (Dkt. No. 23-2) below.

| Number | Evidence | Response |
|---|---|---|
| 1 | Block Decl., ¶ 2 | **Relevance:** Nacho's does not object to the exhibit itself, but only to Mr. Block's attestations, which are relevant to laying the foundation for admission of the exhibit.<br><br>**Authentication:** Nacho's objection is misplaced because it does not object to the exhibit itself being introduced into evidence, but only to Mr. Block's attestations as to the exhibit. There is nothing objectionable about Mr. Block's attestations, which only serve to establish that the exhibit is what plaintiff claims it is. See Fed. R. Evid. 901(a).<br><br>**Best Evidence Rule:** The best evidence rule does not apply because Nacho's does not object to the contents of the exhibit, or otherwise place its contents at issue. See Fed. R. Evid. 1002. The referenced testimony involves Mr. Block merely laying the foundation for admissibility of the exhibit. See R & R Assocs., Inc. v. Visual Scene, Inc., 726 F2d 36, 38 (1st Cir. 1984) ("no evidentiary rule … prohibits a witness from testifying to a fact simply because the fact can be supported by written documentation").<br><br>**Hearsay:** Mr. Block's attestations are not hearsay, because they are offered only to lay the foundation for admission of the attached exhibit, not to prove the truth of any out of court statement. See Fed. R. Evid. 801(c); Swirsky v. Carey, 376 F.3d 841, 852 (9th Cir. 2004). |
| 2 | Block Decl., ¶ 3 | **Relevance:** Nacho's does not object to the exhibit itself, but only to Mr. Block's attestations, which are relevant to laying the foundation for admission of the exhibit.<br><br>**Authentication:** Nacho's objection is misplaced because it does not object to the exhibit itself being introduced into evidence, but only Mr. Block's attestations as to the exhibit. There is nothing objectionable about Mr. Block's attestations, which only serve to establish that the exhibit is what plaintiff claims it is, see Fed. R. Evid. 901(a), and to show its unique characteristics (i.e., its "appearance, contents, substance, internal patterns, or other distinctive characteristics of the item, taken together |

| Number | Evidence | Response |
|---|---|---|
| | | with all the circumstances"), see Fed. R. Evid. 904(b)(4); Lorraine v. Markel Am. Ins. Co., 241 F.R.D. 534, 546 (D. Md. 2007). (Rule 901(b)(4) is "one of the most frequently used to authenticate email and other electronic records").<br><br>**Best Evidence Rule:** The best evidence rule does not apply because Nacho's does not object to the contents of the exhibit, or otherwise place its contents at issue. See Fed. R. Evid. 1002. The referenced testimony involves Mr. Block merely laying the foundation for admissibility of the exhibit. See R & R Assocs., Inc. v. Visual Scene, Inc., 726 F2d 36, 38 (1st Cir. 1984) ("no evidentiary rule … prohibits a witness from testifying to a fact simply because the fact can be supported by written documentation").<br><br>**Hearsay:** Mr. Block's attestations are not hearsay, because they are offered only to lay the foundation for admission of the attached exhibit, not to prove the truth of any out of court statement. See Fed. R. Evid. 801(c); Swirsky v. Carey, 376 F.3d 841, 852 (9th Cir. 2004). |
| 3 | Block Decl., ¶ 4 | **Relevance:** Nacho's does not object to the exhibit itself, but only to Mr. Block's attestations, which are relevant to laying the foundation for admission of the exhibit.<br><br>**Authentication:** Nacho's objection is misplaced because it does not object to the exhibit itself being introduced into evidence, but only Mr. Block's attestations as to the exhibit. There is nothing objectionable about Mr. Block's attestations, which only serve to establish that the exhibit is what plaintiff claims it is, see Fed. R. Evid. 901(a), and to show its unique characteristics (i.e., its "appearance, contents, substance, internal patterns, or other distinctive characteristics of the item, taken together with all the circumstances"), see Fed. R. Evid. 904(b)(4); Lorraine v. Markel Am. Ins. Co., 241 F.R.D. 534, 546 (D. Md. 2007). (Rule 901(b)(4) is "one of the most frequently used to authenticate email and other electronic records").<br><br>**Best Evidence Rule:** The best evidence rule does not apply because Nacho's does not object to the contents of the exhibit, or otherwise place its contents at issue. See Fed. R. Evid. 1002. The referenced testimony involves Mr. Block merely laying the foundation for admissibility of the |

| Number | Evidence | Response |
|---|---|---|
| | | exhibit. See R & R Assocs., Inc. v. Visual Scene, Inc., 726 F2d 36, 38 (1st Cir. 1984) ("no evidentiary rule … prohibits a witness from testifying to a fact simply because the fact can be supported by written documentation").<br><br>**Hearsay:** Mr. Block's attestations are not hearsay, because they are offered only to lay the foundation for admission of the attached exhibit, not to prove the truth of any out of court statement. See Fed. R. Evid. 801(c); Swirsky v. Carey, 376 F.3d 841, 852 (9th Cir. 2004).<br><br>**Foundation:** Because Nacho's does not object to the exhibit itself being introduced into evidence (but only Mr. Block's attestations laying the foundation for its admissibility), there is no basis for Nacho's lack of foundation objection.<br><br>**Personal Knowledge:** Mr. Block has personal knowledge of his receipt of the emails at issue. See Fed. R. Evid. 602. |
| 4 | Block Decl., ¶ 6 | **Relevance:** Nacho's does not object to the exhibit itself, but only to Mr. Block's attestations, which are relevant to laying the foundation for admission of the exhibit.<br><br>**Foundation:** Because Nacho's does not object to the exhibit itself being introduced into evidence (but only Mr. Block's attestations laying the foundation for its admissibility), there is no basis for Nacho's lack of foundation objection.<br><br>**Authentication:** Nacho's objection is misplaced because it does not object to the exhibit itself being introduced into evidence, but only Mr. Block's attestations as to the exhibit. There is nothing objectionable about Mr. Block's attestations, which only serve to establish that the exhibit is what plaintiff claims it is. See Fed. R. Evid. 901(a).<br><br>**Best Evidence Rule:** The best evidence rule does not apply because Nacho's does not object to the contents of the exhibit, or otherwise place its contents at issue. See Fed. R. Evid. 1002. The referenced testimony involves Mr. Block merely laying the foundation for admissibility of the exhibit. See R & R Assocs., Inc. v. Visual Scene, Inc., 726 F2d 36, 38 (1st Cir. 1984) ("no evidentiary rule … prohibits a witness from testifying to a fact simply because the fact can be supported by written |

| Number | Evidence | Response |
|---|---|---|
| | | documentation"). |
| | | **Hearsay:** Mr. Block's attestations are not hearsay, because they are offered only to lay the foundation for admission of the attached exhibit, not to prove the truth of any out of court statement. See Fed. R. Evid. 801(c); Swirsky v. Carey, 376 F.3d 841, 852 (9th Cir. 2004). |
| | | **More Prejudicial Than Probative:** The probative value of Mr. Block's foundational attestations is not substantially outweighed by a danger of unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, and/or needlessly presenting cumulative evidence. See Fed. R. Evid. 403. |
| 5 | Block Decl., ¶ 7 | **Relevance:** Nacho's does not object to the exhibit itself, but only to Mr. Block's attestations, which are relevant to laying the foundation for admission of the exhibit. |
| | | **Foundation:** Because Nacho's does not object to the exhibit itself being introduced into evidence (but only Mr. Block's attestations laying the foundation for its admissibility), there is no basis for Nacho's lack of foundation objection. |
| | | **Personal Knowledge:** Mr. Block has personal knowledge of emails he received. See Fed. R. Evid. 602. |
| | | **Authentication:** Nacho's objection is misplaced because it does not object to the exhibit itself being introduced into evidence, but only Mr. Block's attestations as to the exhibit. There is nothing objectionable about Mr. Block's attestations, which only serve to establish that the exhibit is what plaintiff claims it is, see Fed. R. Evid. 901(a), and to show its unique characteristics (i.e., its "appearance, contents, substance, internal patterns, or other distinctive characteristics of the item, taken together with all the circumstances"), see Fed. R. Evid. 904(b)(4); Lorraine v. Markel Am. Ins. Co., 241 F.R.D. 534, 546 (D. Md. 2007). (Rule 901(b)(4) is "one of the most frequently used to authenticate email and other electronic records"). |
| | | **Best Evidence Rule:** The best evidence rule does not apply because Nacho's does not object to the contents of the exhibit, or otherwise place its contents at issue. See Fed. R. Evid. 1002. The |

| Number | Evidence | Response |
|---|---|---|
| | | referenced testimony involves Mr. Block merely laying the foundation for admissibility of the exhibit. See R & R Assocs., Inc. v. Visual Scene, Inc., 726 F2d 36, 38 (1st Cir. 1984) ("no evidentiary rule … prohibits a witness from testifying to a fact simply because the fact can be supported by written documentation").<br><br>**Hearsay:** Mr. Block's attestations are not hearsay, because they are offered only to lay the foundation for admission of the attached exhibit, not to prove the truth of any out of court statement. See Fed. R. Evid. 801(c); Swirsky v. Carey, 376 F.3d 841, 852 (9th Cir. 2004).<br><br>**More Prejudicial Than Probative:** The probative value of Mr. Block's foundational attestations is not substantially outweighed by a danger of unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, and/or needlessly presenting cumulative evidence. See Fed. R. Evid. 403. |
| 6 | Block Decl., ¶ 8 | **Relevance:** Nacho's does not object to the exhibit itself, but only to Mr. Block's attestations, which are relevant to laying the foundation for admission of the exhibit.<br><br>**Foundation:** Because Nacho's does not object to the exhibit itself being introduced into evidence (but only Mr. Block's attestations laying the foundation for its admissibility), there is no basis for Nacho's lack of foundation objection.<br><br>**Authentication:** Nacho's objection is misplaced because it does not object to the exhibit itself being introduced into evidence, but only Mr. Block's attestations as to the exhibit. There is nothing objectionable about Mr. Block's attestations, which only serve to establish that the exhibit is what plaintiff claims it is, see Fed. R. Evid. 901(a), and to show its unique characteristics (i.e., its "appearance, contents, substance, internal patterns, or other distinctive characteristics of the item, taken together with all the circumstances"), see Fed. R. Evid. 904(b)(4); Lorraine v. Markel Am. Ins. Co., 241 F.R.D. 534, 546 (D. Md. 2007). (Rule 901(b)(4) is "one of the most frequently used to authenticate email and other electronic records").<br><br>**Best Evidence Rule:** The best evidence rule does not apply because Nacho's does not object to the |

| Number | Evidence | Response |
|---|---|---|
| | | contents of the exhibit, or otherwise place its contents at issue. See Fed. R. Evid. 1002. The referenced testimony involves Mr. Block merely laying the foundation for admissibility of the exhibit. See R & R Assocs., Inc. v. Visual Scene, Inc., 726 F2d 36, 38 (1st Cir. 1984) ("no evidentiary rule … prohibits a witness from testifying to a fact simply because the fact can be supported by written documentation"). **Hearsay:** Mr. Block's attestations are not hearsay, because they are offered only to lay the foundation for admission of the attached exhibit, not to prove the truth of any out of court statement. See Fed. R. Evid. 801(c); Swirsky v. Carey, 376 F.3d 841, 852 (9th Cir. 2004). **More Prejudicial Than Probative:** The probative value of Mr. Block's foundational attestations is not substantially outweighed by a danger of unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, and/or needlessly presenting cumulative evidence. See Fed. R. Evid. 403. |
| 7 | Block Decl., ¶ 9 | **Relevance:** Nacho's does not object to the exhibit itself, but only to Mr. Block's attestations, which are relevant to laying the foundation for admission of the exhibit. **Authentication:** Nacho's objection is misplaced because it does not object to the exhibit itself being introduced into evidence, but only Mr. Block's attestations as to the exhibit. There is nothing objectionable about Mr. Block's attestations, which only serve to establish that the exhibit is what plaintiff claims it is, see Fed. R. Evid. 901(a), and to show its unique characteristics (i.e., its "appearance, contents, substance, internal patterns, or other distinctive characteristics of the item, taken together with all the circumstances"), see Fed. R. Evid. 904(b)(4); Lorraine v. Markel Am. Ins. Co., 241 F.R.D. 534, 546 (D. Md. 2007). (Rule 901(b)(4) is "one of the most frequently used to authenticate email and other electronic records"). **Best Evidence Rule:** The best evidence rule does not apply because Nacho's does not object to the contents of the exhibit, or otherwise place its contents at issue. See Fed. R. Evid. 1002. The referenced testimony involves Mr. Block merely laying the foundation for admissibility of the |

| Number | Evidence | Response |
|---|---|---|
| | | exhibit. See R & R Assocs., Inc. v. Visual Scene, Inc., 726 F2d 36, 38 (1st Cir. 1984) ("no evidentiary rule … prohibits a witness from testifying to a fact simply because the fact can be supported by written documentation").<br><br>**Foundation:** Because Nacho's does not object to the exhibit itself being introduced into evidence (but only Mr. Block's attestations laying the foundation for its admissibility), there is no basis for Nacho's lack of foundation objection.<br><br>**Hearsay:** Mr. Block's attestations are not hearsay, because they are offered only to lay the foundation for admission of the attached exhibit, not to prove the truth of any out of court statement. See Fed. R. Evid. 801(c); Swirsky v. Carey, 376 F.3d 841, 852 (9th Cir. 2004).<br><br>**Legal Conclusion:** Federal Rule of Evidence 702 covers expert witness testimony, not "legal conclusions." Besides, Mr. Block's attestations are factual and do not concern any conclusions of law.<br><br>**More Prejudicial Than Probative:** The probative value of Mr. Block's foundational attestations is not substantially outweighed by a danger of unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, and/or needlessly presenting cumulative evidence. See Fed. R. Evid. 403. |
| 8 | Block Decl., ¶ 10 | **Relevance:** Nacho's does not object to the exhibit itself, but only to Mr. Block's attestations, which are relevant to laying the foundation for admission of the exhibit.<br><br>**Foundation:** Because Nacho's does not object to the exhibit itself being introduced into evidence (but only Mr. Block's attestations laying the foundation for its admissibility), there is no basis for Nacho's lack of foundation objection.<br><br>**Authentication:** Nacho's objection is misplaced because it does not object to the exhibit itself being introduced into evidence, but only Mr. Block's attestations as to the exhibit. There is nothing objectionable about Mr. Block's attestations, which only serve to establish that the exhibit is what plaintiff claims it is, see Fed. R. Evid. 901(a), and to show its unique characteristics (i.e., its "appearance, contents, substance, internal patterns, or other |

| Number | Evidence | Response |
|---|---|---|
| | | distinctive characteristics of the item, taken together with all the circumstances"), see Fed. R. Evid. 904(b)(4); Lorraine v. Markel Am. Ins. Co., 241 F.R.D. 534, 546 (D. Md. 2007). (Rule 901(b)(4) is "one of the most frequently used to authenticate email and other electronic records").<br><br>**Best Evidence Rule:** The best evidence rule does not apply because Nacho's does not object to the contents of the exhibit, or otherwise place its contents at issue. See Fed. R. Evid. 1002. The referenced testimony involves Mr. Block merely laying the foundation for admissibility of the exhibit. See R & R Assocs., Inc. v. Visual Scene, Inc., 726 F2d 36, 38 (1st Cir. 1984) ("no evidentiary rule … prohibits a witness from testifying to a fact simply because the fact can be supported by written documentation").<br><br>**Hearsay:** Mr. Block's attestations are not hearsay, because they are offered only to lay the foundation for admission of the attached exhibit, not to prove the truth of any out of court statement. See Fed. R. Evid. 801(c); Swirsky v. Carey, 376 F.3d 841, 852 (9th Cir. 2004).<br><br>**More Prejudicial Than Probative:** The probative value of Mr. Block's foundational attestations is not substantially outweighed by a danger of unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, and/or needlessly presenting cumulative evidence. See Fed. R. Evid. 403. |
| 9 | Block Decl., ¶ 11 | **Relevance:** Mr. Block's attestations are relevant to the issue of prejudice, which plaintiff must show to prove Nacho's has waived the right to seek arbitration of plaintiff's claims.<br><br>**Legal Conclusion:** This is not a valid objection. Federal Rule of Evidence 702 covers expert witness testimony, not "legal conclusions." Any opinion rendered by Mr. Block is proper, because it is rationally based on his perception, helpful to clearly understanding his testimony or to determining a fact in issue, and it is not based on scientific, technical, or other specialized knowledge within the scope of Rule 702. See Fed. R. Evid. 701.<br><br>**More Prejudicial Than Probative:** The probative value of Mr. Block's attestations is not substantially outweighed by a danger of unfair prejudice, |

| Number | Evidence | Response |
|---|---|---|
| | | confusing the issues, misleading the jury, undue delay, wasting time, and/or needlessly presenting cumulative evidence. See Fed. R. Evid. 403. Plaintiff must show prejudice in support of her waiver argument, and the Court is more than competent to understand the probative value of the evidence. |
| 10 | Block Decl., ¶ 12 | **Relevance:** The fact that Nacho's and its counsel were fully aware of the previously-filed arbitration by plaintiff, but have totally omitted it from Nacho's motion, is relevant because it shows that Nacho's is trying to conceal critical facts from the Court.<br><br>**Hearsay:** None of Mr. Block's statements is offered only to show that Nacho's and its counsel were told that plaintiff previously filed an arbitration, not to prove the truth of the matter asserted (i.e., whether or not an arbitration was, in fact, previously filed). See Fed. R. Evid. 801(c); Swirsky v. Carey, 376 F.3d 841, 852 (9th Cir. 2004)..<br><br>**Legal Conclusion:** This is not a valid objection. Federal Rule of Evidence 702 covers expert witness testimony, not "legal conclusions." Any opinion rendered by Mr. Block is proper, because it is rationally based on his perception, helpful to clearly understanding his testimony or to determining a fact in issue, and it is not based on scientific, technical, or other specialized knowledge within the scope of Rule 702. See Fed. R. Evid. 701.<br><br>**More Prejudicial Than Probative:** The probative value of Mr. Block's attestations is not substantially outweighed by a danger of unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, and/or needlessly presenting cumulative evidence. See Fed. R. Evid. 403. Certainly, the Court is more than competent to understand the probative value of the evidence. |

///

///

///

1  For the reasons set forth herein, plaintiff respectfully requests that the Court
2  overrule Nacho's evidentiary objections.

3  Respectfully submitted,

4  Dated: November 29, 2020    LAW OFFICES OF BRANDON A. BLOCK
                                A PROFESSIONAL CORPORATION
5
6  /s/ Brandon A. Block
   Brandon A. Block

7  Attorneys for Plaintiff
   AMBER PARINAS

# PROOF OF SERVICE

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

I am employed in the County of Los Angeles, State of California, over the age of eighteen years, and not a party to the within action. My business address is: Law Offices of Brandon A. Block, A Professional Corporation, 9440 Santa Monica Boulevard, Suite 301, Beverly Hills, CA 90210.

On the date of execution of this Proof of Service, I caused the attached document to be served on the person(s) listed below.

| Person(s): | Representing: |
|---|---|
| James S. Sifers<br>jsifers@madisonlawapc.com<br>Maiya K. Dempsey<br>mdempsey@madisonlawapc.com<br>MADISON LAW, APC<br>17702 Mitchell North<br>Irvine, California 92614 | Defendant NACHO'S AUTO SALE |

I served the document **by CM/ECF NOTICE OF ELECTRONIC FILING**. I electronically filed the document(s) with the Clerk of the Court by using the CM/ECF system. Participants in the case who are registered CM/ECF users will be served by the CM/ECF system. Participants in the case who are not registered CM/ECF users will be served by mail or by other means permitted by the court rules.

I declare under penalty of perjury under the laws of the United States of America that the above is true and correct. Executed on November 29, 2020 at Beverly Hills, California.

/s/ Brandon A. Block
Brandon A. Block